**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DENISE BERGREN on her own behalf and as next friend of her minor daughter,<br>Plaintiffs, | ) | 1:10-cv-650 |
| v. | ) | JURY DEMANDED |
| NCO FINANCIAL SYSTEMS, INC.,<br>Defendant. | ) | |

**COMPLAINT**

1. Plaintiff Denise Bergren on her own behalf and on behalf of her minor daughter brings this action to secure redress for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Illinois Consumer Fraud Act and the Illinois Collection Agency Act.

2. The defendant debt collection agency called plaintiff and her daughter on both their home phones and cell phones. Some of the calls included a prerecorded message that included the word "bitch" in them, which caused both plaintiffs substantial distress and to fear for their personal safety. Other violations are described or alleged herein.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over the FDCPA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. The Court has federal question jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). There is supplemental jurisdiction for the TCPA and state law claims under 28 U.S.C. §

1367, if *Brill* were to be overruled or abrogated for some reason, because the TCPA claims form part of the same case or controversy as the FDCPA claims.

4. Venue is proper because a substantial portion of the events complained of occurred in this District.

**PARTIES**

5. Plaintiffs are both individuals who reside in this district.

6. NCO Financial Systems, Inc. ("NCO") is a debt collection agency that does business in this District. Its registered agent in Illinois is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**FACTS**

7. Defendant has made several telephone to plaintiff's home phone and her daughter's cell phone in attempts to collect an alleged debt.

8. Upon information and belief, some of the calls to plaintiff and/or her daughter's cell phones were dialed with one of NCO's automatic dialers.

9. On several occasions, calls to either the landline, cell phone or both included a prerecorded message. On certain of these occasions, the recorded message included the word "bitch" in the message.

10. Both plaintiffs feared for their personal safety and suffered substantial emotional distress and embarrassment because of the messages. The messages were also annoying and harassing.

11. In one or more calls, NCO threatened to file suit relating to this debt. This threat was false -- defendant either could not file suit because the debt was time-barred, or had no intention of filing suit, or both.

**COUNT I – Telephone Consumer Protection Act**

12. Plaintiff incorporates all paragraphs of this Complaint.

13. The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA, §227(b)(A)(iii).

14. Defendant made multiple telephone calls to plaintiffs' cell phones using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

15. Defendant's violations were negligent.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

(a) Statutory damages of $500 per call;

(b) Any other relief the court deems proper.

**COUNT II – TCPA -- Willful**

16. Plaintiff incorporates all previous paragraphs of this complaint.

17. The violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above when used in connection with collection of a consumer debt were willful.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

(a) Statutory damages of up to $1500 per call if defendant's actions are found to have been willful;

(b) Any other relief the court deems proper.

**COUNT III – TCPA – Injunctive Relief**

18. Plaintiff incorporates all previous paragraphs of this complaint.

19. The TCPA prohibits the use of an automatic dialing system and/or prerecorded or artificial voice messages to make phone calls to cell phones.

20. The TCPA 47 U.S.C. §227(b)(3), provides a private right of action for injunctive relief.

21. Defendant has had a pattern and practice of making telephone calls to plaintiffs in violation of 47 U.S.C. §227(b), including calls to plaintiff.

22. Upon information and belief, defendant continues to call cell phones in violation of section 227(b), without regard to the TCPA.

23. The defendant is likely to continue to violate the TCPA without an order enjoining it from doing so.

24. Plaintiff is entitled to have her rights, status and legal relations under the TCPA relating to NCO's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendants for:

(a) a permanent injunction prohibiting defendant from violating the TCPA in the future through calling either plaintiff on their cellular phone using an automatic telephone dialing system and/or a prerecorded voice message; and

(b) Any other relief the Court deems fit.

**COUNT IV – FDCPA**

25. Plaintiff incorporates all previous paragraphs of this complaint.

26. It is a violation of the FDCPA to call a person and use profanity. 15 U.S.C. §§ 1692e; 1692e(7); 1692f; 1692d; 1692d(2); 1692d(5), among others.

27. It was a violation of the FDCPA for NCO to call plaintiff's daughter in an attempt to collect an alleged debt owed to plaintiff.

28. Threatening to file suit when suit would be time barred, or where there is no intention to carry out such threats is a violation of 15 U.S.C.§§ 1692e and 1692f.

29. Several of the calls to both plaintiffs were made at inconvenient times and/or places. This violates 15 U.S.C. § 1692c(a). For example, some calls to plaintiff's daughter were made while NCO should have known that she was attending school.

30. The contacts of NCO to plaintiffs otherwise generally violated the FDCPA.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and against defendant for:

(a) Statutory and Actual damages;

(b) Attorney's fees and costs of suit;

(c) Any other relief the Court deems fit.

**COUNT V – Illinois Collection Agency Act**

31. Plaintiff incorporates all previous paragraphs of this complaint.

32. NCO violated at least the following sections of the Illinois Collection Agency Act, 225 ILCS 425/9(a):

> (15) Communicating with the debtor or any member of the debtor's family at such a time of day or night and with such frequency as to constitute harassment of the debtor or any member of the debtor's family. For purposes of this Section the following conduct shall constitute harassment:
>
> > (A) Communicating with the debtor or any member of his or her family in connection with the collection of any debt without the prior consent of the debtor given directly to the debt collector, or the express permission of a court of competent jurisdiction, at any unusual time or place or a time or place known or which should be known to be inconvenient to the debtor. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock a.m. and before 9 o'clock p.m. local time at the debtor's location.
> > ***
> > (D) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (16) Using profane, obscene or abusive language in communicating with a debtor, his or her family or others.
>
> (17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.
>
> (18) Disclosing or threatening to disclose information concerning the existence of a debt which the debt collector knows to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt.
>
> (19) Engaging in any conduct which the Director finds was intended to cause and did cause mental or physical illness to the debtor or his or her family.
>
> (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.
>
> ***
> (31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

33. Plaintiffs have been substantially damaged by defendant's illegal conduct. The conduct was reckless, willful, wanton and outrageous.

34. There exists a private right of action for violations of this section, including the right to punitive damages. *Herkert v. MRC Receivables Corp.*, 655 F.Supp.2d 870, 881 (N.D.Ill. 2009) (classwide summary judgment entered for plaintiff class under ICAA).

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiffs and against defendant for:

a. Actual and punitive damages;

b. Attorney's fees and costs of suit;

c. Any other relief the Court deems fit.

**COUNT VI – Illinois Consumer Fraud Act**

35. Plaintiff incorporates all previous paragraphs of this complaint.

36. NCO violated the Illinois Consumer Fraud Act through its actions listed above.

37. Violation of the ICAA is a per se violation of the ICFA.

38. It is an unfair act under the ICFA to use profanity in connection with collection of a debt.

39. It is an unfair and deceptive act under the ICFA to call a person's minor daughter in connection with collection of a debt. It is similarly unfair to use an autodialer and prerecorded message to do so, and to continue even though the recipient has requested that the calls stop.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiffs and against defendant for:

a. Actual and punitive damages;

b. Attorney's fees and costs of suit;

c. Any other relief the Court deems fit.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff and any other consumer who may have similar claims, the events described herein, any telephone call,

campaign, account, sale or file associated with plaintiff and any account or number or symbol relating to any of them. Plaintiff further demands that defendant obtain agreement from any third party to do the same -- if any third party refuses, you are directed to notify the undersigned immediately so that measures may be taken to avoid spoliation of any relevant or discoverable materials or information. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke